184

STATE EX REL. SCHMIDT, Appellant, vs. KRULL and another, Respondents.

*May 2—June 6, 1950.*

186

*Orville S. Luckenbach* of Shawano, for the appellant.

For the respondent Rex Krull there were briefs by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein, Jr.*

BROWN, J. The facts are not in dispute and the parties present to us two issues of statutory construction for determination. The first must be resolved against the respondent who submits that before July 1, 1944, sec. 39.01 (2), Stats., required that a county superintendent must have taught two years in a rural public school or in a graded elementary school in this state but after that date it was only necessary for him to hold the unlimited state certificate. We do not agree that July 1, 1944, was a date of demarcation between alternative requirements. It is our opinion that the legislature intended that after July 1, 1944, the requirement of the certificate should be added to the requirement of teaching experience. Before it was amended by this enactment in 1943, sec. 39.01 (2) provided that the county superintendent must have taught eight months in a public school and have an unlimited certificate entitling him to teach in any public school of the

state. It appears to us that the legislature, realizing that the jurisdiction of the county superintendent embraced graded schools, held to the requirement of a certificate, for general educational reasons, and amended the teaching requirement to insure that the superintendent would have had experience in the grades which the position called on him to administer.

The second issue is whether or not Krull's experience in teaching satisfies the requirement of two years in a rural public school or a graded elementary school of this state.

First, we must determine whether the legislature recognizes as a qualification for office that teaching which it will not recognize for other purposes and which it attempts to prevent in the classroom, namely, teaching by unlicensed individuals. ". . . No teaching contract with any person not legally authorized to teach the named school or subject shall be valid; . . ." Sec. 40.19, Stats. "If any person desires to teach in any of the public schools, . . . he shall procure a certificate from the state superintendent." Sec. 39.15 (1), Stats. Sec. 39.15 (2) requires each person who contracts to teach in any public school to file a statement showing the grade and character of his certificate, and no salary shall be paid him unless he has done so. We have concluded that the teaching the legislature is thinking of when it is prescribing the qualifications for office in the educational system is the same teaching which it recognizes as being fit for the instruction of the young, and other, different, unlicensed, and unauthorized teaching is not to be considered in the qualifications of the teacher for an office which has a teaching prerequisite. Accordingly, teaching which was not done in conformity with Krull's licenses and certificate must be rejected for the purposes of sec. 39.01 (2), Stats., in calculating his time spent in teaching.

Krull has held a license, issued by the state superintendent August 30, 1940, licensing him to teach science and mathematics in any public high school in this state for a period of

one year from date; and a license in identical terms, good for one year, issued August 26, 1941; and he now holds an "unlimited" certificate issued by the state superintendent March 4, 1946 " . . . which authorizes the said Rex Krull to teach science and mathematics in any public high school in the state until it is revoked by competent authority." Mr. Page, an assistant superintendent of the department of public instruction, testified that this certificate authorized the holder to teach such subjects in high schools, junior high schools, and in the upper elementary grades which are departmentalized. That is, if a grade school had a mathematics department, Krull would be licensed to teach mathematics in its upper grades.

Krull's experience in teaching in rural public schools or in graded elementary schools is as follows: In his senior year at the teachers college at Platteville a part of his required course was to teach in a model school operated for practice by the college regents, under sec. 37.10, Stats. During the whole of that school year he taught mathematics to the seventh and eighth grades of this training school. He had then no state license to teach and he taught under the supervision of a Mr. Edquist, not independently. Krull, himself, testified that his first year of teaching was in the Butternut high school. This came after he graduated from the teachers college and the statement is indicative of the consideration to be given the practice course *as teaching.* This Platteville period cannot be counted toward the two years required by sec. 39.01 (2). The findings of fact prepared for the trial court's signature contained a recitation of this time as a one-year teaching period, which paragraph the learned trial judge struck out, as we think, correctly. In the year 1941–1942 Krull taught at Pembine, Wisconsin, under a contract to teach mathematics and science in the high school. He testified that the school board required him to teach civics, geography, science, and athletics in the seventh and eighth grades. The testimony

that he taught these regularly and full time is somewhat equivocal but we cannot say the finding of the trial court that he did so is contrary to the great weight and clear preponderance of the evidence and it must be sustained as a finding of fact. Since the teaching of science in seventh and eighth grades is within the authorization of his license and since his assignment to the teaching of science indicates a departmentalization at least to that extent, we conclude that there is proof of this year's teaching in an elementary graded school sufficient to satisfy the statutory demand *pro tanto*.

There followed four years of army service and slightly more than two years of high-school teaching. Then, from September, 1948, to July, 1949, Krull was employed by the school board of Joint School District No. 6 of the village of Mattoon and the town of Hutchins, in Shawano county, as supervising principal of the entire district. This school district included the Mattoon high school of the four usual grades, an elementary graded school, and a number of rural schools. Krull testified that his duties were administrative and supervisory and he had full-time teachers for all the grades but if a teacher was absent he, himself, substituted in the teaching of mathematics. "I did substitute teaching when a teacher was absent but it wasn't a steady part of my employment." He also testified that he coached the grade-school athletic teams and he estimated that he went out to teach in the grade and country schools, as a substitute, one or two days a week. The record is clear that at Mattoon Krull did not teach, for a school year, any subject for which he held a teacher's certificate in any rural or elementary graded school and we must conclude that his time at Mattoon cannot be counted toward his qualifications under sec. 39.01 (2), Stats.

This completes Krull's teaching experience which, as we have indicated, adds up to the one year, at Pembine, of teaching in a rural public school or a graded elementary school of this state. He does not, therefore, meet the requirements of

sec. 39.01 (2), Stats., and the conclusions of law of the learned trial judge are held to be erroneous and must be abrogated and the judgment dismissing the complaint must be reversed with directions to enter judgment upon it adjudging that the said defendant, Rex Krull, unlawfully holds the office of county superintendent of schools of Shawano county.

The defendant and respondent, Arthur L. Pahr, noticed a motion to review that part of the judgment which dismissed his complaint with costs. Other than serving and filing notice of such motion he has done nothing in furtherance thereof and has made no presentation whatever of his cause. Respondent Rex Krull, the opposing party, has moved to dismiss the motion to review and has presented his cause before us. We will apply Supreme Court Rule 33 and we grant the motion to dismiss the motion to review.

*By the Court.*—Motion to review that part of the judgment dismissing with costs the cross complaint of defendant Pahr, dismissed. That part of the judgment dismissing the complaint of plaintiff Schmidt reversed with directions to enter judgment adjudging Rex Krull to be and to have been unqualified for the office of county superintendent of schools for Shawano county and to be unlawfully holding the same, and for such other necessary proceedings as shall be consistent with this opinion.